UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSIAH JACKSON,

    Plaintiff,

v.                                                                   Case No. 4:20cv200-WS-HTC

FLORIDA STATE HOSPITAL,
DIRECTOR SUSAN TRUEBLOOD, and
F. POTTER,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Josiah Jackson, proceeding *pro se* and *in forma pauperis*, initiated this action with a "Complaint for Violation of Civil Rights Under 42 U.S.C. Section 1983," received by the Court on April 21, 2020. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Upon review, the Court, on April 29, 2020, explained that the complaint was deficient in several ways and directed Jackson to file an amended complaint or voluntarily dismiss the case within thirty days. ECF Doc. 3. Namely, Jackson's initial complaint asserted claims against the State of Florida and Governor DeSantis

for events occurring at Florida State Hospital, but the State is not a person subject to suit under § 1983 and the complaint did not allege the Governor's personal involvement in the constitutional violation. *Id.*

Jackson filed an amended complaint, ECF Doc. 4, which the Court received on May 14, 2020 and has reviewed. For the reasons set forth herein, the undersigned respectfully recommends that the claims against Defendants Florida State Hospital and Director Susan Trueblood be DISMISSED WITH PREJUDICE for failure to state a claim. The undersigned, however, finds that the claims against Defendant F. Potter are sufficient to be served and will enter a separate order addressing service of those claims.

## I. BACKGROUND

The following statement of facts is taken from the Amended Complaint, ECF Doc. 4, and is assumed to be true for the purposes of screening the Amended Complaint. On February 25, 2020, Plaintiff was housed at the Florida State Hospital ("FSH") and was violently attacked by another patient at FSH. Security was called, and a guard, F. Potter, responded along with multiple other security officers. Plaintiff was handcuffed and then forced into the restroom area "where F. Potter proceeded to bash [Jackson's] head into a bathroom mirror." This action worsened a head laceration that Jackson had already received from the patient assault. He suffered a "severe loss of blood as well as a heighten[ed] disruption to [his] already

diagnosed PTSD." After the assaults, Jackson had to receive eight staples in his head. Jackson then filed a formal grievance with Director Trueblood, to which she did not reply or provide any form of remedy. ECF Doc. 4.

Jackson claims his rights under the Eighth and Fourteenth Amendments were violated by F. Potter when he assaulted Jackson. He also claims that Director Trueblood violated those rights by "not officially making any remedy to my formal grievance." For relief, Plaintiff seeks "restitution for mental health counseling as well as restitution to be paid for pain and suffering as well as mental distress." Specifically, he seeks "1.45 million dollars for mental distress, pain and suffering, and well needed mental counseling . . . [a]s well as physical bodily harm being afflicted upon my person." *Id.* at 7.

## II.   LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 680 (11th Cir. 2018). "A lawsuit is frivolous if the plaintiff's realistic chances of

ultimate success are slight." *Id.* at 681 (quoting *Clark v. Ga. Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990)).

## III. DISCUSSION

A claim under 42 U.S.C. § 1983 requires Plaintiff to establish two (2) elements: (1) the alleged misconduct was committed by a person acting under color of state law and (2) this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Daniel v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). As discussed below, Plaintiff's complaint, even when read liberally, fails to set forth facts sufficient to establish these elements against Florida State Hospital and Director Susan Trueblood, and those claims should be dismissed for failure to state a claim upon which relief can be granted.

### A. Claims Against Florida State Hospital

The claims against Florida State Hospital (the "Hospital") should be dismissed because the Hospital is not an entity that can be sued under § 1983. *Taylor v. Fla. Dep't of Corr.*, 2017 WL 1362130, at *6 (N.D. Fla. Feb. 23, 2017), *report and recommendation adopted*, 2017 WL 1370731 (N.D. Fla. Apr. 10, 2017) ("federal claims seeking money damages against the state are 'not proper' because the Department, as a state agency, is not a 'person' which may be sued under §

1983") (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989)); *Carroll v. Fla. State Hosp.*, 2020 WL 1917776, at *2 (N.D. Fla. Mar. 19, 2020) (explaining that Florida State Hospital is not a "'person[]' subject to suit under § 1983"), *report and recommendation adopted*, 2020 WL 1916689 (N.D. Fla. Apr. 20, 2020).

Because the only claims against the Hospital are for monetary relief (i.e., $1.45 million), Plaintiff has not stated a claim against the Hospital upon which relief can be granted. Additionally, because the Hospital is not a "person" under § 1983 against whom monetary relief can be had, the undersigned finds that allowing Plaintiff an additional opportunity to amend as to the Hospital would be futile. As stated above, Plaintiff has already named an employee of the Hospital, F. Potter, as a defendant in this action, and those claims are sufficient to be served.

### B.  Claims Against Susan Trueblood, Director Of Florida State Hospital

Plaintiff's claims against Trueblood should be dismissed because Plaintiff has failed to state facts sufficient to show that Trueblood personally violated Plaintiff's constitutional rights or that she is liable under a theory of supervisory liability.

#### 1.  Failure to respond to Plaintiff's grievances

As stated above, Plaintiff's sole allegation against Trueblood is that Plaintiff filed a grievance with Trueblood and she did not reply. ECF Doc. 4 at 6. According to Plaintiff, Trueblood violated his Eighth and Fourteenth Amendment rights by "not

officially making any remedy to my formal grievance." *Id*. However, Trueblood's failure to respond to the grievance, even if true, does not equate to a constitutional violation. "Where a state actor's role is limited to the denial of administrative grievances, or the failure to act with respect to such grievances, such state actors are not liable under § 1983 on the theory that their actions constituted an acquiescence with respect to the alleged unconstitutional conduct. More particularly, a 'combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.'" *Denslinger v. Wall*, 2009 WL 437490, at *3 (M.D. Tenn. Feb. 20, 2009), citing *Miller v. Bock,* 2003 WL 202173 at * 2 (6th Cir.(Mich.)) (citing *Poe v. Haydon,* 853 F.2d 418, 429 (6th Cir.1988), *cert. denied,* 488 U.S. 1007 (1989)).

Also, "[b]ecause a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983." *Oliver v. Gray*, 2009 WL 366150, at *2 (W.D. Va. Feb. 12, 2009), *aff'd*, 360 F. App'x 417 (4th Cir. 2010), citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988). Thus, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." *Jackson v. Ellis*, 2008 WL 89861, at *6 (N.D. Fla. Jan. 7,

2008) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Hill v. Inch*, 2020 WL 1677306, at *2 (M.D. Fla. Apr. 6, 2020).

Therefore, Plaintiff's claim that Trueblood engaged in a constitutional violation when she failed to respond to his grievance fails as a matter of law.

2. <u>Supervisory liability</u>

Absent personal involvement in a constitutional violation, a claim against Trueblood must fall, if at all, under a theory of supervisory liability. This is so because "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (*quoting Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)); *see also Case v. Riley*, 270 F. App'x 908, 911 (11th Cir. 2008) ("claims against supervisory personnel who did not personally participate in the acts complained of are not actionable under § 1983"). In other words, Trueblood is not liable for the conduct of Potter solely based on her role as his supervisor.

Instead, to bring an Eighth Amendment claim against a defendant in her role as a supervisor, a plaintiff must allege either that the supervisor personally participated in the unconstitutional conduct or show a causal connection between the supervisor's actions and the alleged constitutional violation. *Magwood v. Sec'y, Fla. Dep't of Corr.*, 652 F. App'x 841, 844 (11th Cir. 2016) (citing *Brown v. Crawford*,

906 F.2d 667, 671 (11th Cir. 1990)).  A causal connection may be established when 1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).

Here, the Plaintiff's complaint contains no allegations of widespread abuse or a custom or policy of the Director that caused the unlawful behavior, or that she directed the subordinates to act unlawfully.  The grievance Plaintiff claims to have submitted to Trueblood, alone, does not establish the type of widespread abuse that would put a supervisor on notice of the need to correct an alleged deprivation.  *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).  Therefore, Plaintiff's complaint fails to state a causal connection to an alleged constitutional deprivation by Director Trueblood.

Given the complete lack of substantive facts against Trueblood, the undersigned finds that allowing Plaintiff an additional opportunity to amend his claims would be futile.  Indeed, as to the supervisory claim, the undersigned specifically explained to Plaintiff, in the prior amend order, the elements of a

supervisory liability claim and why a claim against Governor DeSantis for supervisory liability necessarily fails. ECF Doc. 3.

## IV.   CONCLUSION

Accordingly, it is respectfully RECOMMENDED that:

1. Plaintiff's claims against Defendants Susan Trueblood and Florida State Hospital be DISMISSED WITH PREJUDICE for Plaintiff's failure to state a claim.

2. The clerk be directed to refer the file back to the undersigned for further proceedings.

At Pensacola, Florida, this 26th day of June, 2020

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**